United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERRANO ET AL,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE ET AL,<br><br>        Defendant._____/ | No. C 10-05013 CRB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

    Pro se plaintiffs Nelson S. Serrano and Ann Demerin have filed an application for a Temporary Restraining Order pertaining to the sale of real property. This application is DENIED because it does not meet the requirements for relief. See generally Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, ----, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Alliance for Wild Rockies v. Cottrell, No. 09-35756, 2010 WL 3665149, *8 (9th Cir. Sept. 22, 2010).

    In this Circuit "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies, 622 F.3d at 1052. Even assuming that the other elements have been met, and even though the balance of

hardships tips in favor of Plaintiffs, who apparently face foreclosure,[1] Plaintiffs have not raised serious questions going to the merits. Specifically, Plaintiffs' case appears to turn on the allegations that (1) "Defendant First American does not have the original promissory note," and that (2) Defendants "fully failed to comply with loan modification requirements of California Civil Code section 2923.6." See App. for TRO at 4. To the extent Plaintiffs are claiming that Defendants must produce, and have not produced, an original copy of the note to proceed with a non-judicial foreclosure, such is not required. Ngoc Nguyen v. Wells Fargo Bank, N.A., No. C-10-4081-EDL, 2010 WL 4269220, at *12 (N.D. Cal. Oct. 25, 2010); Neal v. Juarez, 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007) ("allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid"). In addition, courts have held that California Civil Code § 2923.6 does not impose a duty on loan servicers to modify loans, nor does it create a private right of action for borrowers. See, e.g., Farner v. Countrywide Home Loans, 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009); Pittman v. Barclays Cap. Real Estate, Inc., 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009). Because Plaintiffs have failed to raise serious questions going to the merits, injunctive relief is not appropriate at this time.

Accordingly, the Application for Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

Dated: December 21, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] It is not clear to the Court when the threatened foreclosure is to take place. See App. for TRO at 8 ("First American has scheduled a foreclosure sale of Plaintiff's property for *insert date* by public auction.").

G:\CRBALL\2010\5013\order denying tro.wpd        2